IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TABITHA J. ROBINSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 25-134 _____ |
| NARASA ENTERPRISE, INC. D.B.A. BLOSSOM FOOD MART, MOHAMMAD H. ZGHOUL, AND SANDRA MARTINEZ | § § § § § § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For her Original Complaint against Defendants, Plaintiff Tabitha J. Robinson shows the following:

### Introduction

1. This is an action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA). Defendants owned and managed a convenience store/gas station. Plaintiff Tabitha J. Robinson is employed by Defendants as a cashier. This is a non-exempt position paid on an hourly basis. Plaintiff has not been paid the FLSA-mandated overtime premium for her overtime hours, through the duration of her employment. Plaintiff now sues for damages.

### Parties

2. Plaintiff Tabitha J. Robinson is an individual residing in Converse, Texas. She may be served with papers through the undersigned counsel.

3. Defendant Narasa Enterprise, Inc. dba Blossom Food Mart, is a domestic for-profit corporation organized under the laws of the State of Texas. According to the Texas Secretary of

1

State, Defendant's principal place of business is located at 11902 Starcrest Drive San Antonio, Texas 78247. It may be served with process through its Registered Agent, Mohammad H. Zghoul at 2550 Culebra Road San Antonio, Texas 78228.

4. Defendant Mohammad H. Zghoul is a natural person residing in Bexar County, Texas. He may be served with process at 14914 Los Lunas Road Helotes, Texas, or wherever he may be found.

5. Defendant Sandra Martinez is a manager of Defendant Narasa Enterprise, Inc. She may be served with process at 5010 Doverbrook San Antonio, Texas 78238, or wherever she may be found.

**Jurisdiction and Venue**

6. The Court possesses subject matter jurisdiction over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute. The Court possesses personal jurisdiction over Defendants because Defendant Blossom Food Mart is organized under Texas law and continuously does business in the State of Texas and the individual Defendants reside in Texas. Venue is proper in the Western District of Texas because all of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District.

**Statement of Facts**

7. Defendant Narasa Enterprise, Inc. dba Blossom Food Mart operates a food mart/gas station in San Antonio, Texas. Upon information and belief, at all times relevant to this lawsuit, Defendant has had gross annual sales in excess of $500,000.00.

8. Defendant Mohammad H. Zghoul is the owner and manager of Defendant Narasa Enterprise, Inc. dba Blossom Food Mart. He had the power to, and has in fact, hired and fired employees of Defendant Blossom Food Mart.

9. Defendant Sandra Martinez is the manager of Defendant Narasa Enterprise, Inc., dba Blossom Food Mart. She was one of Plaintiff's supervisors. She hired Plaintiff, set Plaintiff's pay, and managed Plaintiff. Defendant Sandra Martinez, along with Defendant Zghoul, made the decision to not pay Plaintiff the FLSA-mandated overtime premium. Thus, along with Defendant Narasa Enterprise, Inc., dba Blossom Food Mart and Defendant Mohammad H. Zghoul, Ms. Martinez was an employer of Plaintiff within the meaning of the FLSA.

10. Plaintiff has been employed by Defendants since June 4, 2023. During this time, she has performed work as a cashier. Plaintiff has at all times been paid on an hourly basis. Plaintiff's starting rate of pay was $11.00 per hour. She received a one dollar raise in July of 2024. Plaintiff's current hourly rate is $12.00 per hour.

11. At all times relevant to this lawsuit, Plaintiff has been a full-time employee. In fact, Plaintiff regularly worked well in excess of 40 hours per week. Initially, Plaintiff worked seven days a week and currently normally works six days per week. All the while, Plaintiff has averaged 12 hours of work per shift.

12. Defendants misclassified Plaintiff as a "contractor" and paid her and the other employees in "cash" to avoid having to pay payroll taxes and avoid other costs associated with the employment relationship. Plaintiff was, however, clearly an employee. In this regard, Defendants controlled the details of Plaintiff's schedule, duties, and work. Plaintiff was subject to Defendants' policies, and Plaintiff was paid strictly on an hourly basis. Plaintiff was not in business for herself was economically dependent on Defendants. For example, as an hourly worker, Plaintiff had no opportunity for profit and loss, had no investments in the business. Moreover, as a cashier, she performed work that was integral to Defendants' business.

13. Although Plaintiff was a non-exempt employee, Defendant, has over the course of Plaintiff's employment, failed to pay Plaintiff the FLSA-mandated overtime premium in weeks when she has worked in excess of forty hours.

**Causes of Action:  Violations of the Overtime Provisions of the FLSA**

14. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 13 supra.

15. At all times relevant to this lawsuit, Defendants were employers within the meaning of the Fair Labor Standards Act and were the employers of Plaintiff.  At all times relevant to this lawsuit, Defendants employed more than two employees, has engaged in interstate commerce, and has had gross annual sales in excess of $500,000.00.   As such, there is enterprise coverage over Defendants.

16. Additionally, Plaintiff was individually covered under the FLSA because her work involved interstate commerce.  In this regard, Plaintiff processed credit card payments, some on out-of-state banks.  She also sold lottery tickets, including tickets for nationwide lotteries. Defendant Blossom Food Mart also rents U-Hauls, and Plaintiff was responsible for renting U-Haul vehicles, many of which came from and/or destined to out-of-state locales.  Most of the U-Haul vehicles had out-of-state license plates.

17. At all times relevant to this lawsuit, Plaintiff was a non-exempt employee, paid on an hourly basis, meaning that she was not exempt from the minimum wage and overtime provisions of the FLSA.  Plaintiff did not perform exempt duties under any of the exemptions recognized by the FLSA.  Moreover, since the commencement of her employment, Plaintiff has been paid strictly on an hourly basis.

18. Despite her non-exempt status, Plaintiff has not been paid an overtime premium in those workweeks when she has worked in excess of 40 hours.  As such, Plaintiff is owed the

FLSA-mandated overtime premium for all hours worked over 40 in any workweek. Plaintiff also contends that she is owed an equal amount in liquidated damages because Defendants cannot establish a "good faith" defense under 29 U.S.C Section 260. Defendants were aware of the FLSA's requirement to pay the overtime premium for hours worked over forty each week.

19. Finally, because Plaintiff has had to retain counsel to prosecute this action, she is entitled to an award of attorney fees.

### Jury Demand

20. Plaintiff demands a trial by jury.

### Conclusion and Prayer

16. Plaintiff prays that, upon final judgment, she be awarded the following:

a. Unpaid overtime;

b. Liquidated damages;

c. Attorney fees, costs of court and litigation expenses;

d. Post-judgment interest; and

e. All other relief to which Plaintiff is entitled,

Respectfully submitted,

/S/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR TABITHA J. ROBINSON