IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TABITHA J. ROBINSON, § § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 5:25-CV-00134-OLG |
| NARASA ENTERPRISE, INC. D.B.A. BLOSSOM FOOD MART, MOHAMMAD H. ZGHOUL, AND SANDRA MARTINEZ | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

Plaintiff Tabitha Robinson (hereinafter referred to as "Plaintiff" or "Robinson") files this Motion for Default Judgment and shows the following:

**Introduction**

Plaintiff filed this lawsuit pursuant to the Fair Labor Standard Act against Defendants Narasa Enterprise, Inc. d/b/a Blossom Food Mart, Mohammad H. Zghoul and Sandra Martinez. Throughout her employment, Plaintiff worked substantial amounts of overtime, but Defendants failed to pay the overtime premium mandated by the FLSA. Consequently, Plaintiff filed this lawsuit for unpaid overtime pursuant to the FLSA on February 7, 2025

**Defendants Failure to Answer after Proper Service**

On February 14, 2025, Defendant, Sandra Martinez was personally served with the lawsuit and summons. The executed return was filed with the Court on February 17, 2025 (Dkt. 5). On February 28, 2025, Plaintiff filed her Motion for Substitute Service as to Defendants Mohammad H. Zghoul, individually and as registered agent for Narasa Enterprise, Inc. (Dkt. 6). The Court

granted the Motion on March 4, 2025 (Dkt. 7) Defendants Mohammad H. Zghous, individually and as registered agent for Narasa Enterprise, Inc., was served on March 6, 2025. The executed returns were filed with the Court on April 18, 2025. To date, no answers have been filed. The Clerk entered default on June 4, 2025. (Dkt. 10)

## Factual Background

The following facts are taken from Plaintiff's Declaration attached as Exhibit 1.

Plaintiff Tabitha Robinson commenced work on June 4, 2023 as a cashier. Plaintiff was at all times supervised by Defendant Zghoul and Martinez. Defendant Zhoul hired Plaintiff, set Plaintiff's pay and managed Plaintiff. Defendant Martinez, the General Manager of Defendant Narasa Enterprises, Inc. d/b/a Blossom Food Mart, was also responsible for setting Plaintiff's schedule, her hours, the wages and in general managing Plaintiff. Defendants, jointly and individually made the decision to not pay Plaintiff the FLSA-mandated overtime premium

Plaintiff was at all times relevant to this lawsuit paid on an hourly basis. Her starting rate of pay was $11.00 per hour, and she was raised to $12.00 per hour in July of 2024.

Because she was paid on an hourly basis, Plaintiff was not exempt from overtime compensation under the FLSA. Moreover, Plaintiff did not perform exempt duties under any of the exemptions recognized by the FLSA. Regardless, Defendants have failed to maintain their burden of establishing that any exemption to overtime applies. Ex. 1. The burden of establishing an exemption rests with the employer.

Despite her non-exempt status, Plaintiff was not paid the FLSA-mandated overtime premium for her overtime hours. Plaintiff was normally scheduled 5-7 days per week and worked in excess of 10 hours per day, usually working 12 hours per day. Plaintiff estimates she averaged 72 hours per week if not more. Instead, Plaintiff was paid only her regular hourly rate for each

hour worked. Thus, Plaintiff is owed the FLSA-mandated overtime premium for all hours worked over 40 in each workweek. Ex. 1.

## Damages

Under the Fair Labor Standards Act (FLSA), Plaintiff is entitled to the following relief:

Plaintiff worked for Defendants from June 4, 2023 until March 19, 2025. Plaintiff's rate of pay while employed by Defendant was $11.00 per hour, which means that the half-time overtime premium on that rate of pay is $5.50 per hour. However, in July 2024, Plaintiff received a raise to $12.00 per hour, which means that the half-time premium on that rate of pay is $6.00 per hour. From the start of Plaintiff employment until July of 2024, Plaintiff worked about 72 hours per week, sometimes more. Thus, Plaintiff averaged at least 32 hours of overtime per week. Multiplying the overtime premium of $5.50 per hour by 32 hours of overtime per week for the time period of June 4, 2023, to June 30, 2024, Plaintiff is owed $10,208.00 in unpaid overtime for this time period. From July 1, 2024, to mid February of 2025, Plaintiff was working about 45 hours per week while earning $12.00 per hour. Multiplying the overtime premium of $6.00 per hour by 155 hours of overtime for the time period of July 1, 2024, to February 16, 2025. Plaintiff is owed $930 in unpaid overtime for this time period. Ex. 3.

As such, Defendants owe Plaintiff $11,138.00 for the period between the commencement of her employment on June 4, 2023, to her separation on March 19, 2025. Ex. 1.

Under Section 260 of the FLSA, Plaintiff also is entitled to an equal amount as liquidated damages, as there is no evidence proving that Defendants somehow acted in objective good faith.

## **ATTORNEY FEES**

Section 216(b) also provides for the recovery of reasonable attorney fees and costs of court. In this case, the undersigned counsel has carefully kept track of all hours worked on this case,

3

including meeting and interviewing Plaintiff, drafting, revising, and finalizing the lawsuit, supervising the filing and service of process, drafting the motion for substituted service, drafting advisories to the Court, drafting the proposed scheduling order corresponding with the clerk's office and drafting this Motion for Default Judgment.  Michael Galo Decl., Ex. 2.  To date, the undersigned counsel has expended 8 hours on this case.  Since the beginning of 2024, the undersigned counsel customarily charged his fee-paying clients $400.00 per hour for his work.  Based on the undersigned experience, this hourly rate is reasonable in the Bexar County area given the undersigned's level of training and experience as a board-certified labor and employment lawyer with 30 years of practice.  Ex. 2.  The undersigned's qualifications are detailed in the attached declaration.  *Id*.  The total attorney fees for the work performed in this case comes to $3,20.00.  *Id*.  Plaintiff requests that the Court award Plaintiff this amount as reasonable and necessary attorney fees as well as $802.00 in costs of court ($405.00 filing fee plus $397.00 service of process fees due to the need for substituted service).  *Id*.

## Joint & Several Liability

Lest there be any question, Defendants Zghoul and Martinez are jointly and severally liable with Defendant Narasa Enterprise, Inc. for all amounts owed to Plaintiff.  This is because Defendant Zghoul owns the business and along with Defendant Martinez, manages the business, hired and supervised Plaintiff, set Plaintiff's schedule, and was clearly responsible for the decision not to pay the overtime premium.  *E.g., Martin v. Spring Break `83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012) (quoting *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012) for the proposition that "dominant theme in case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by companies")

4

**Conclusion**

Plaintiff prays that this Court enters final judgment in her favor. A proposed Final Judgment is attached as Exhibit 3. Plaintiff also seeks all other relief to which she is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
ATTORNEYS FOR PLAINTIFF
TABITHA ROBINSON

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document has been served on the registered agent, CT Corporation System, on this 25th day of August 2025, as follows:

**via First-Class Mail**

Ms. Sandra Martinez
5010 Doverbrook
San Antonio, Texas 78238

Narasa Enterprise, Inc.
c/o its registered agent
Mr. Mohammad H. Zghoul
14914 Los Lunas Road
Helotes, Texas 78023

Mr. Mohammad H. Zghoul
14914 Los Lunas Road
Helotes, Texas 78023

                                        /s/ Michael V. Galo, Jr.
                                        MICHAEL V. GALO, JR.