IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TABITHA J. ROBINSON, | § | NO. 5:25-CV-00134-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| NARASA ENTERPRISE, INC., D/B/A | § | |
| BLOSSOM FOOT MART, | § | |
| MOHAMMAD H. ZGHOUL, AND | § | |
| SANDRA MARTINEZ, | § | |
| | § | |
| *Defendants*. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S. Magistrate Judge Richard Farrer. (Dkt. # 12.) On August 26, 2025, the Court referred Plaintiff Tabitha R. Robinson's ("Plaintiff" or "Robinson") Motion for Default Judgment (Dkt. # 11) to Magistrate Judge Richard Farrer. Magistrate Judge Farrer filed his Report and Recommendation (the "Report") on November 6, 2025. (Dkt. # 12.) Objections to the Report were due within 14 days after being served with a copy. Neither party filed any objections to the Report.

BACKGROUND

According to the Complaint, Defendant Nasara Enterprise, d/b/a Blossom Food Mart, operates a food mart and gas station in San Antonio, Texas.

(Dkt. # 1 at 2.)  Defendant Mohammad Zghoul owns and manages Nasara Enterprise, and he employs Defendant Sandra Martinez as a manager.  (Id. at 2–3.)  The Complaint explains that Defendant Martinez hired Plaintiff, set Plaintiff's pay, and generally managed Plaintiff in Plaintiff's capacity as an employee, specifically a cashier, for Blossom Food Mart.  (Id. at 3.)  At the time Plaintiff filed the present Complaint on February 7, 2025, she had been working for the Defendants at Blossom Food Mart as a cashier since June 4, 2023.  (Id.)

       The Complaint further explains that between June 2023 and July 2024, Plaintiff was paid on an hourly basis of $11.00 per hour.  (Id.)  Starting in July 2024, her pay increased to $12.00 per hour.  (Id.)  Plaintiff regularly worked in excess of 40 hours per week, averaging 12 hours of work per shift, at first seven and then eventually six days per week.  (Id.)  Despite working overtime, Plaintiff avers that Zghoul and Martinez made the affirmative decision not to pay her the overtime premium mandated by the FLSA.  (Id.)  Plaintiff further avers that Defendants misclassified her as a "contractor" and paid her, as well as other employees, in cash to avoid payroll taxes and other costs associated with a formal employment relationship.  (Id.)  Despite this classification, the Complaint alleges, Plaintiff was an employee for all intents and purposes, as Defendants controlled her schedule, set her work duties, and controlled aspects of her work.  (Id.)

Plaintiff sued on February 2, 2025, alleging violations of the FLSA's mandatory overtime provisions. (Id. at 4.) Plaintiff avers that Defendants were her employers and are subject to the FLSA because Defendants employed more than two employees, engaged in interstate commerce, and had gross annual sales in excess of $500,000. (Id.) See 29 U.S.C. § 203(s)(1)(A)(ii). Plaintiff avers that she was also individually covered under the FLSA. (See Dkt. # 1 at 4.) 29 U.S.C. § 207(a). Moreover, Plaintiff explains, she was a non-exempt employee because she was paid on an hourly basis and was entitled to the FLSA's overtime premium. (Id.) See 29 U.S.C. § 207(a)(1).

In her Complaint, Plaintiff seeks the FLSA-mandated overtime premium for all hours worked over 40 in any given work week. (Dkt. # 1 at 4–5.) She also requests an equal amount in liquidated damages because Defendants cannot establish a "good faith" defense under 29 U.S. Code § 260. (Id. at 5.)

On the same day she filed her lawsuit, Plaintiff requested issuance of service against Defendants. (Dkt. # 2.) Defendant Martinez was personally served on February 14, 2025, with her answer coming due on March 7, 2025. (See Dkt. # 5.) Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff attempted without success to serve the other Defendants; she then filed a Motion to Substitute Service, which the Court granted. (See Dkts. ## 6, 7.) Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff then served Defendants Narasa Enterprise and Zghoul on March 6, 2025, with their

answers coming due on March 27, 2025.  (Dkt. # 8.)  Defendants have yet to answer or appear.  Plaintiff moved for a Clerk's Entry of Default against All Defendants on May 8, 2025 (Dkt. # 9) with the Clerk's Entry of Default being entered a little less than a month later on June 4, 2025.  (Dkt. # 10.)  Now, Plaintiff moves for Default Judgment against all Defendants.  (Dkt. # 11.)

On November 6, 2025, Magistrate Richard Farrer entered his Report on the motion for default judgment, recommending that the Court grant Plaintiff's motion.  (Dkt. # 12.)  No objections were filed.

## ANALYSIS

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  The Court finds that the Magistrate Judge's conclusion is correct that Defendants have not entered an appearance in this case or otherwise responded, and that Plaintiff is entitled to a default judgment because Plaintiff has stated a claim upon which relief may be granted.  (Dkt. # 12 at 3–5.)

The Court further agrees with, and therefore declares, the Magistrate Judge's findings that Plaintiff is entitled to: (1) $11,138 in actual damages, (2) $11,138 in liquidated damages, and (3) $3,200 in attorney's fees, and court fees in

4

an amount to be determined pursuant to the procedure specified in the Western District of Texas's Local Rule CV-54, and post-judgment interest to be calculated and compounded pursuant to 28 U.S.C. § 1961 until the judgment is paid in full.[1] Defendants Narasa Enterprise, Zghoul, and Martinez should be jointly and severally liable for this award.

## CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 12) as the opinion of the Court, and **GRANTS** Plaintiff's Motion for Default Judgment (Dkt. # 11). The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED**.

**DATED:** San Antonio, Texas, December 15, 2025.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Plaintiff must timely file a bill of costs using the form required by the Clerk of the Court and supported by appropriate documentation. See Local Rule CV-54 (W.D. Tex.).